UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK P. DUFF,

                Plaintiffs,

v.

FCA US LLC and
CARL J. MISSBACH,

                Defendants.
_____/

Case No. 2:17-cv-13930
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY OF STEVEN R. ARNDT, Ph.D. (ECF No. 61)

**A. Introduction**

On December 6, 2017, Plaintiff filed the instant lawsuit, which stems from the alleged events of June 17, 2015. Jurisdiction is based on diversity of citizenship, and the sole cause of action is negligence. (ECF No. 1, PageID.2.)

Pursuant to the Court's August 22, 2019 order, the deadline for expert discovery was extended to October 1, 2019. (ECF No. 43.) Steven R. Arndt, Ph.D., who Defendants have identified as a human factors expert, was deposed on September 27, 2019. (ECF No. 61-4; ECF No. 64, PageID.2035.) On certain occasions, when asked about presentations, Dr. Arndt stated he would not answer questions without a court order. (*See, e.g.*, ECF No. 61-4, PageID.1903, 1909.)

**B. Pending Matters**

Currently before the Court is Plaintiff's motion to compel the withheld deposition testimony of Dr. Arndt. (ECF No. 61.) Defendants filed a response, and Plaintiff filed a reply. (ECF Nos. 64, 66.)

Judge Steeh has referred this case to me for all pretrial, non-dispositive matters. On December 10, 2019, Plaintiff filed a statement of resolved/unresolved issues. (ECF No. 71.) A hearing was held on December 13, 2019, at which attorneys Lawrence J. Acker, Maxwell Sanders, and Christopher M. Vukelich appeared. (ECF Nos. 62, 68, 70.)

**C.     Order**

For the reasons stated on the record, all of which are incorporated by reference as though fully restated herein, Plaintiff's motion to compel the deposition testimony of Steven R. Arndt, Ph.D. (ECF No. 61) is **GRANTED**. The continued deposition of Dr. Arndt shall take place in accordance with Fed. R. Civ. P. 31 ("Depositions by Written Questions"), and Plaintiffs may seek copies of presentation materials and handouts from Dr. Arndt by serving the written deposition questions *duces tecum*. Plaintiff shall serve the written deposition questions and *duces tecum* notice no later than **Monday, December 16, 2019**. Dr. Arndt must answer or respond in accordance with Rule 31 no later than **Monday, December 30, 2019**.

To be clear, the Court finds that both Plaintiff's and Defendants' counsel have exhibited professionalism in this matter. It is the witness who took it upon himself to decide which questions he would and would not answer without a court order, thus impeding the deposition. For Dr. Arndt's guidance, he must answer questions regarding presentations he has given, including identification of groups to whom he has spoken and the dates of such presentations and including, but not limited to, those questions he was previously asked but refused to answer. Moreover, if he is unable to produce presentation materials and handouts himself, then Plaintiff has leave to serve subpoenas for presentation materials and handouts directly to the groups in question. In addition, any failure to respond to a request – whether a Rule 31 question or related document production (if available) – that meet with the above-described parameters may subject Dr. Arndt to sanctions and/or the payment of expenses for failure to comply with a court order. *See*, *e.g.*, Fed. R. Civ. P. 30(d)(2) ("[t]he court may impose an appropriate sanction-- including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent."), Fed. R. Civ. P. 37(b)(2)(C).

**IT IS SO ORDERED.**

**Dated:** December 16, 2019    s/*Anthony P. Patti*
Anthony P. Patti
U.S. MAGISTRATE JUDGE